


**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 11th day of September, 2012.**

Robert D. Berger
United States Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

**In re:**

**DANIEL ROBERT ENOS and** **Case No. 08-22922**
**DANA MICHELLE TRAHAN-ENOS,** **Chapter 7**
**Debtors.**

---

**DANIEL ROBERT ENOS, et al.,**
**Plaintiffs,**

**v.** **Adv. No. 12-6013**

**ENDURA FINANCIAL FEDERAL**
**CREDIT UNION,**
**Defendant.**

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION AND**
**GRANTING JUDGMENT IN FAVOR OF PLAINTIFFS**

Debtors seek to invalidate a reaffirmation agreement they entered into with their home's mortgagee, Endura Financial Federal Credit Union. The Debtors signed the reaffirmation agreement against their counsel's advice. Endura moves for summary judgment because the reaffirmation agreement is with a credit union for a consumer debt secured by real property,

which does not require court approval. The reaffirmation agreement ordinarily would be binding; however, because the uncontroverted facts submitted by the parties reveal a mutual mistake regarding the interest rate in the reaffirmation agreement, the agreement may be rescinded. Judgment shall be entered in favor of Debtors on Counts I and V. The remaining Counts II - IV which sought attorney fees and sanctions for violations of the automatic stay and discharge injunction shall be dismissed.

**Findings of Fact**

Debtor Daniel Enos owed Endura about $90,000. The debt is secured by a second mortgage on Debtors' residence. Daniel's wife, Debtor Dana Trahan-Enos, consented to the mortgage, but did not co-sign the note. Endura's security interest is undersecured.

Debtors had bankruptcy counsel. Edward Van Morlan represented Debtors continuously through their bankruptcy. Van Morlan received and reviewed a reaffirmation agreement from Endura and advised Debtors not to sign it. Van Morlan testifies he advised Debtors to continue to make payments to Endura. Van Morlan submits an uncontroverted affidavit averring he did not sign, endorse, write on, or mark any reaffirmation agreement between Endura and Debtors.

About a month after Van Morlan advised Debtors against entering into the Endura reaffirmation agreement, Daniel contacted Endura and asked for a lower interest rate. Endura required the reaffirmation agreement and required Dana to sign even though only Daniel was obligated on the original note. Endura sent a reaffirmation agreement containing a 9.0 percent interest rate. At the time, Debtors believed the 9.0 percent rate was the original interest rate on the note. Later, when Debtors filed their summary judgment response, Daniel discovered the original interest rate was 8.250 percent. Endura concedes the pre-petition interest rate was 8.250 percent. In 2009, predicated on this mistaken belief as to the interest rate on the note, the parties

agreed to lower the interest rate via the reaffirmation agreement from 9.0 percent to 8.250 percent. The parties now agree the reduction kept the interest rate the same as it was on the petition date. Daniel did not obtain a lower interest rate. Both Debtors signed the reaffirmation agreement, returned it to Endura, and Endura filed it with this Court on March 3, 2009. Debtors received their discharge on March 25, 2009.

Almost two years after effectuation and filing of the reaffirmation agreement, Debtors decided to sell their home for an amount which would not pay Endura in full. Endura indicated it would pursue any deficiency against Debtors personally. In August 2011, Debtors began this process to invalidate the reaffirmation agreement because it was not signed by counsel pursuant to §524(c)(3). After fully briefing the summary judgment motion, Debtors amended their complaint to include allegations regarding the reaffirmation agreement's failure to lower the interest rate.

## Conclusions of Law

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.[1] The movant bears the initial burden of proving the absence of controverted facts.[2] All inferences are to be construed in favor of the non-moving party.[3] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[4]

---

[1] FED. R. BANKR. P. 7056.

[2] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[3] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

[4] *Anderson*, 477 U.S. at 250-51.

Federal courts may enter summary judgment *sua sponte* in favor of a non-moving party if the losing party is given sufficient notice and an opportunity to come forward with evidence in opposition.[5] The court may enter judgment provided there is no dispute of material fact and the losing party had an adequate opportunity to address the issues involved, including adequate time to develop any facts necessary to oppose summary judgment.[6] Judgment is still predicated on Rule 56's standards, even without a formal motion.

**B. The Amended Complaint**

Debtors amended their complaint after the parties submitted their briefs on Endura's summary judgment motion. The amended complaint adds facts not originally pled but entered into the record without objection through the parties' statements of uncontroverted facts. Endura confirms a lower interest rate was supposed to be part of the consideration for the reaffirmation agreement.[7] Debtors reveal the bargained-for lower interest rate was not delivered. Endura concedes the interest rate did not change.[8] The complaint could have been amended by Fed. R. Bankr. P. 7015 incorporating Fed. R. Civ. P. 15(b)(1). When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to amend does not affect the result of the trial of these issues. A party consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

[6] *David v. City & County of Denver*, 101 F.3d 1344, 1358–59 (10th Cir. 1996).

[7] Answer [Doc. No. 6] ¶¶ 16, 18, 22 and 23; Plaintiff's Motion for Summary Judgment [Doc. No. 7] ¶¶ 8 and 9.

[8] Plaintiff's Response [Doc. No. 10] ¶ 2 at 2; Defendant's Reply [Doc. No. 12] ¶ 2 at 2.

introduces such evidence.[9] Endura does not raise an issue with the fact the reaffirmation agreement does not include a lower interest rate. Neither party requested more time or an opportunity to make further argument. Thus, the amended complaint does not require additional briefing for the summary judgment motion now pending. The issue is ready for disposition.

**C. Reaffirmation Agreements - Safeguards and Exceptions**

A reaffirmation agreement ordinarily requires an attorney certification or court approval to be effective.[10] The level of court oversight depends on whether a debtor is represented by counsel. These §524 safeguards have exceptions for agreements with credit unions and for agreements reaffirming a consumer debt secured by real property.[11] An unrepresented debtor's reaffirmation agreement requires court approval – except for an agreement involving a consumer debt secured by real property.[12] A reaffirmation agreement with an undue hardship presumption requires court approval – except for agreements with a credit union.[13] Even though the court has no authority to disapprove an agreement with a credit union reaffirming a consumer debt secured by real property under §524(c)(6) and (m)(2), §524(d) requires a discharge hearing for an unrepresented debtor in order to provide the reaffirmation admonitions otherwise provided by counsel.[14]

A reaffirmation agreement missing an attorney certification is treated as an agreement entered without counsel under §524(c)(3) and (6). Whether the debtor generally had bankruptcy

---

[9] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1217 (10th Cir. 2000).

[10] 11 U.S.C. §524(c), (d).

[11] 11 U.S.C. §524(c)(6), (d), and (m)(2). Several cases construe §524, but no case cited in these proceedings involved a consumer debt owed to a credit union secured by real property. Cites to more than 23 cases dealing with cars, trucks, and credit cards were particularly unhelpful when the statute subsections to be construed in this case deal specifically with the real estate exception.

[12] 11 U.S.C. §524(c)(6), (d).

[13] 11 U.S.C. §524(m)(2).

[14] *In re Marletter,* 236 B.R. 281 (Bankr. M.D. Fla. 1999); *In re Pitts,* 462 B.R. 844 (Bankr. M.D. Fla. 2012).

counsel does not matter.[15] An uncertified reaffirmation agreement will be set for hearing unless an exception applies. The court does not review an uncertified reaffirmation agreement involving a consumer debt secured by real property because it has no authority to disapprove the agreement.[16] Thus, the represented debtor can enter such an agreement without court approval when their counsel refuses to certify the agreement, just like an unrepresented debtor. The difference is a *pro se* debtor must have a discharge hearing under §524(d) to receive his reaffirmation admonitions. A represented debtor receives those admonitions from counsel – making a §524(d) hearing superfluous. If a debtor will not heed counsel's advice, there is no reason to believe a discharge hearing will alter his course. The onus of setting a discharge hearing for a represented debtor is on debtor's counsel. Unlike *Marletter* and *Pitts* in which the debtors were *pro se*, the represented debtor has counsel to guide him through the bankruptcy process. Counsel may not abandon the debtor because the latter refuses to follow his advice. When conflict arises over the propriety of a reaffirmation agreement, counsel should request a discharge hearing for the benefit of his client.

The court also does not review a reaffirmation agreement with a credit union because it has no authority to determine whether the agreement imposes an undue hardship – even if the debtor is making a bad financial decision.[17] Thus, an ill-advised reaffirmation agreement with a credit union for a consumer debt secured by real property is not subject to court approval and

---

[15] *In re Hart*, 402 B.R. 78, 84 (Bankr D. Del. 2009) (if a debtor enters an agreement reaffirming a debt secured by real property, the court's review is limited to whether the undue hardship presumption has been rebutted, regardless whether debtor was represented by counsel).

[16] *Id.*; 11 U.S.C. §524(c)(6), (d)(2), and (k)(3)(J)(i)7.

[17] *In re Huskinson*, 2008 WL 2388113, at *2 (Bankr. N.D. Ohio) (represented debtors are not subject to judicial oversight when reaffirmation agreement is with a credit union).

does not need to have counsel's certification to be valid under §524(c)(3), even if debtor's counsel refused to certify the agreement.

**D. Reaffirmation Agreements Subject to State Contract Law**

A reaffirmation agreement is a contract.[18] State contract law applies to reaffirmation agreements – including the concept of mutual mistake.[19] If the parties assumed a certain state of facts existed and entered a contract based upon that assumption and the assumption is shown to be wrong, the contract may be rescinded.[20] Where the contract is based on a mistake shared by both parties, the contract is voidable by the party adversely affected. The mistake must relate to an essential element of the agreement. The mistake must involve a fact capable of ascertainment at the time the contract was entered into and not a mere expectation or opinion about future events.[21] A mistaken party's fault in failing to know or discover the facts before making the contract does not bar him from avoidance, unless his fault amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing.[22] If the reaffirmation agreement is voided under contract law, it is unenforceable.

**E. Analysis**

Debtors' reaffirmation agreement did not require attorney certification or court approval to be valid under §524(c). Debtors were represented by counsel, so §524(d) does not apply.

---

[18] *Schott v. WyHy Fed. Credit Union (In re Schott)*, 282 B.R. 1, 7 (B.A.P. 10th Cir. 2002).

[19] *Id.; In re Bailey*, 664 F.3d 1026, 1030 (6th Cir. 2011).

[20] *Garrison v. Berryman*, 225 Kan. 644, 647 (1979).

[21] *Matter of Estates of Thompson*, 226 Kan. 437, 440 (1979); *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630 (1948) (a settlement may be attacked upon showing the contract is tainted with invalidity, either by fraud or by a mutual mistake); *see also United States v. Golden*, 34 F.2d 367, 375 (10th Cir. 1929) (acknowledging "that contracts may be rescinded or reformed by reason of a mutual mistake as to a material fact." Citations omitted.).

[22] RESTATEMENT (SECOND) OF CONTRACTS § 157 (1981).

Debtors disregarded counsel's advice, which was to let the mortgage ride through the bankruptcy and discharge Daniel's personal liability. Debtors entered an agreement with a credit union reaffirming a consumer debt secured by real property. Debtors received the safeguards of attorney representation and the reaffirmation admonitions, but Debtors ignored them. In this Court, the absence of an attorney certification alerts the Court to set the matter for hearing unless an exception applies. Since Debtors' agreement reaffirmed a consumer debt secured by real property, no hearing was required or set. The presumption of undue hardship did not exist. Even if it had, the Court could not have disapproved the agreement because it was entered into with a credit union. Thus, Debtors are not entitled to a declaration invalidating the reaffirmation agreement under §524(c)(3).

Even though the reaffirmation agreement complied with §524, Debtors did not receive the bargained for interest rate reduction. The evidence shows the parties believed they were entering into an agreement to reduce the interest rate. At the time of reaffirmation, Debtors and Endura acted under the mutual mistake of fact the prior interest rate was 9.0 percent. The parties now agree the original interest rate was 8.250 percent. Thus, at the time of reaffirmation, Endura failed to deliver its agreement to reduce the interest rate as consideration for Debtors' new promise of personal liability. No evidence indicates either party was culpable for the mistake. Even so, Debtors received nothing of value from Endura. Endura does not controvert Debtors' evidence in this regard. Therefore, the agreement may be rescinded. Accordingly, summary judgment in favor of Debtors on Counts I and V is proper as a matter of law.

Endura did not violate the automatic stay or the discharge injunction because the parties did not discover the interest rate mistake until after these proceedings. By rescission, the parties

are returned to their positions prior to entering into the agreement, but no punitive measures are appropriate under these circumstances. The reaffirmation agreement between the parties is invalid and void because of mutual mistake and lack of consideration. The punitive counts shall be dismissed.

**F. Conclusion**

For the foregoing reasons, Defendant Endura's Motion for Summary Judgment is DENIED. By separate order, judgment shall be entered in favor of Plaintiffs on Counts I and V. Counts II, III, and IV are dismissed.

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS